UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WU, | No. 2:24-cv-2707 DAD AC PS |
| Plaintiff, | |
| v. | ORDER and |
| TWIN RIVERS UNITED EDUCATORS and CALIFORNIA TEACHERS ASSOCIATION, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff brings suit against Twin Rivers United Educators (TRUE) and the California Teachers Association (CTA) under 42 U.S.C. § 1983, alleging constitutional violations arising from plaintiff's alleged employment misclassification by the Twin Rivers Unified School District and plaintiff's challenges to the classification. ECF No. 1 at 5. Plaintiff alleges that between

2007 and 2017 she worked at Keema High School, but she was let go or demoted after negotiating on behalf of herself and others and encouraging others to join the CTA. ECF No. 1 at 7. Wu was party to a case before the Public Employee Relations Board, and a decision in that case became final on October 2, 2023. Id. at 8. Wu had another case before the Board in 2016. Id. The union(s) refused to provide representation, and conspired with the District to violate plaintiff's rights under the Constitution and state law. Id. Wu names several state court cases related to her former employment and whistleblower activities: Rebecca Wu v. Gina Carreon, et al., No. C093905 (Cal Ct. App. Apr. 29, 2024), Rebecca Wu v. Cal State Teachers' Ret. Sys., No. C095632 (Cal Ct. App. Sep. 28, 2023), Rebecca Wu v. Pub. Emp't Relations Bd., 87 Cal.App.5th 715, 303 Cal. Rptr. 3d 693 (Cal. Ct. App. 2022), and Rebecca Wu v. Twin Rivers Unified Sch. Dist., No. C088570 (Cal. Ct. App. Mar. 2, 2023). Id. at 16-17.

      B. Analysis

           1. *Younger* Abstention Bars the Gravamen of the Case

Under Younger v. Harris, 401 U.S. 37, 43–54 (1971), federal courts must abstain from interfering in most ongoing state court cases. Younger abstention applies to the following "three exceptional categories" of cases identified in New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 367-68 (1989): "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 81 (2013)). "The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." Id. (quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Although the information provided regarding plaintiff's numerous state administrative and civil proceedings is partial and sometimes difficult to decipher,[1] the complaint explicitly identifies

---

[1] Some cases are identified by court case number, and some are described as Public Employment (continued…)

3

the following proceedings as "NOT FINAL":

- <u>Rebecca Wu v. Gina Carreon and Peter Rittling</u>, No. C093905 (Cal. Ct. App.);[2]
- <u>Rebecca Wu v. Cal. State Teachers' Ret. Syst.</u>, No. C095632 (Cal. Ct. App.);
- <u>Rebecca Wu v. Twin Rivers Unified School District</u>, No. 24-5121 (U.S. Supreme Court);
- <u>Rebecca Wu v. Twin Rivers Unified School District</u>, No. SA-CE-2888E (Public Employment Relations Board);
- <u>Rebecca Wu v. Twin Rivers Unified School District</u>, No. SA-CE-2867E (Public Employment Relations Board);[3]
- <u>Rebecca Wu v. Twin Rivers Unified School District</u> (petition for writ of mandate; forum unclear).

ECF No. 1 at 4-5, 16-17.  It appears that all of the above proceedings involve a common core of fact that is shared with the federal complaint: plaintiff challenges her classification as a substitute teacher, alleges that the misclassification was retaliatory, alleges that she was denied union representation and due process in her challenge to the classification, and that she ultimately experienced a retaliatory dismissal.

It cannot reasonably be disputed that states have a strong interest in enforcing their own judgments and orders in maters related to public employment.  It is also clear from the narrative presented in the complaint that plaintiff's claims arise from the same underlying employment dispute at issue in the various state court and Public Employment relations Board cases listed

---

Relations Board matters.  Other matters are described in terms (such as "motion for damages," ECF No.1 at 5) that make their status unclear.  It is nonetheless apparent that plaintiff has been vigorously fighting her termination and related matters, involving both the school district and the unions, in both administrative and judicial forums.  It is also clear that these efforts are ongoing.

[2]  As alleged in the federal complaint, Gina Carreon was the "Chief of Human Resources" (presumably for the school district). ECF No. 1 at 7, 9.  Peter Rittling's position is unclear, but plaintiff directly alleges that Carreon and Rittling were at the crux of the conspiracy among the CTA, TRUE and the School District to harm her. <u>Id.</u> at 11.  It also appears that plaintiff may have lost this lawsuit for noncompliance with California's Government Claims Act, but she believes it will "come out of abeyance" soon. <u>Id.</u> at 14.

[3]  Plaintiff alleges that the two actions before the Public Employment Relations Board involved her allegations of retaliation and retaliatory dismissal.  ECF No. 1 at 9.

above. See id. at 6-17 (Statement of Facts) (including recitation of relevant ongoing state proceedings). Consideration of plaintiff's claims by this court would therefore interfere with, and have the practical effect of enjoining, ongoing state proceedings. The relief that plaintiff seeks here—including reinstatement, tenure, and union membership, id. at 22-23—confirms this conclusion, as those forms of relief are at issue in the state proceedings. See Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc) (Younger applies when "the relief the plaintiff seeks in federal court would 'interfere' with the ongoing state judicial proceeding."). For all these reasons, Younger abstention is required.

Where Younger applies, the district court must dismiss the federal action without prejudice. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.") (emphasis in original).

### 2. The *Rooker-Feldman* Doctrine Bars the Remainder of the Case

The Rooker-Feldman doctrine[4] prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from

---

[4] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

Here, the complaint expressly alleges that at least one apparently final state court judgment was wrongly decided. See ECF No. 1 at 16 (citing Wu v. Public Employment Relations Board, No. C092640 (Cal. Ct. App.)). The undersigned takes judicial notice of the opinion in Wu v. Public Employment Relations Board, 87 Cal. App. 5th 715 (2022).[5] As relevant here, the appellate court held that the union had no constitutional or statutory obligation to represent Wu in her challenge to her classification as a substitute teacher, and that there had been no due process violation in the classification process. Id. In this court, plaintiff expressly seeks to hold the statewide and local unions liable for violating her due process rights and for contributing to her misclassification by failing to take action on her behalf. ECF No. 1 at 17-22 (asserting causes of action based on denial of fair representation regarding misclassification, denial of retirement rights, retaliation, and denials of due process). To the extent plaintiff alleges due process violations and denial of fair representation, her claims directly constitute a "de facto appeal" and are barred under Rooker-Feldman. Her other claims related to the unions' liability for the alleged misclassification, and involving the consequences of their alleged conspiracy to cause the adverse employment actions, are inextricably intertwined with the representation and due process issues, and thus also barred. See Noel, 341 F.3d at 1158. Moreover, the federal complaint expressly seeks relief that state courts and agencies have denied, including reinstatement, tenure, and union membership in addition to monetary damages. Id. at 22-23. The denial of such remedies, to the extent the decisions are final, is not subject to relitigation in federal court.

This court may not reconsider the judgments of state courts and administrative agencies. To the extent (if any) that the various lawsuits and administrative proceedings plaintiff has

---

[5] The complaint provides the citation to the state court's published opinion. ECF No. 1 at 16. The dates of decision indicate that this may be the same case separately alleged to be final following denial of certiorari under the name "Wu v. TRUE 618E in PERB." Id. at 8.

characterized as pending are in fact final, the Rooker-Feldman doctrine would similarly bar this court's consideration of the matters raised in those actions.

### 3. The Defendants are Not Subject to Suit Under Section 1983

Apart from the bars imposed by Younger and Rooker-Feldman, this case cannot proceed because plaintiff has not stated, and likely cannot state, a claim under 42 U.S.C. § 1983.[6] Section 1983 creates a cause of action for constitutional violations committed by state and municipal government officials and employees. See West v. Atkins, 487 U.S. 42, 48 (1988). The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Private individuals and entities come within the scope of the statute only if they are engaged in action "under color of law." See 42 U.S.C. § 1983; Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Conduct by private actors is presumed *not* to be action taken under color of law. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). "[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 994 (9th Cir. 2013) (emphasis in original).

Here, the two named defendants are private labor organizations, not public entities. While proof of a conspiracy with state actors can sometimes support a finding of action under color of law, see Adickes, 398 U.S. at 150, 152, plaintiff's allegations of a conspiracy with the Twin Rivers Unified School District are entirely conclusory. See ECF No. 1 at 16.[7] Accordingly, the complaint does not state a claim under § 1983 against the private defendants. Moreover, by relying on a conspiracy theory to establish § 1983 liability, plaintiff emphasizes the inextricable intertwining of her claims against defendants with her grievances against the District. Those

---

[6] Plaintiff's constitutional claims are essential to this court's federal question jurisdiction. All express or implied causes of action other than § 1983 are state law claims. See ECF No. 1 at 17-22.

[7] "TRUE, CTA conspired to have Wu lose her Constitutional rights of Freedom of speech, whistleblowing, and union membership freedom of association, 1st Amendment and 14th Amendment." Id. See also id. at 11 (summarily alleging conspiracy among TRUE, CTA and the school district to harm plaintiff).

grievances are the subject of the past and pending sate legal and administrative proceedings which give rise to litigation bars under Younger and Rooker-Feldman.

For all these reasons, the undersigned recommends the complaint be dismissed.

## II.  Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).  Here, the deficiencies of the complaint cannot be cured by amendment.  The only federal claim does not lie against private entities, and both defendants are private entities.  The facts alleged, and the nature of the dispute, do not support attribution of the unions' acts and omissions to the state.  Plaintiff's conclusory allegations of a conspiracy, in light of the fats presented, are sufficiently implausible that the court concludes amendment would be futile.

Moreover, even if plaintiff could truthfully allege facts demonstrating the existence of a conspiracy, amendment could not avoid the application of Younger abstention principles and/or the Rooker-Feldman doctrine.  The gravamen of the complaint is the same as that presented in plaintiff's various state court lawsuits and administrative actions.  Although neither the CTA nor TRUE is identified in the federal complaint as having been a defendant or respondent in any of the state actions, it is indisputable that plaintiff raised her allegations against the unions in the state proceedings.  See Wu, 87 Cal. App. 5th 715.  Accordingly, her claims are barred by Younger if they remain pending in state forums, and by Rooker-Feldman if the state judgments are final.

For these reasons, the court finds that amendment would be futile.  Dismissal should be without leave to amend.

## III.  Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because federal district courts do not have authority to overrule decisions by state courts and administrative bodies, or to interfere with state court cases and administrative proceedings that are still going on.

1  You have 21 days to object to this recommendation if you wish to do so.  The District Judge will
2  make the final decision.

### IV.  Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without prejudice and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 29, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE