UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WU,<br><br>                Plaintiff,<br><br>       v.<br><br>TWIN RIVERS UNITED EDUCATORS, et al.,<br><br>                Defendants. | No. 2:24-cv-02707-DAD-AC (PS)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. Nos. 1, 3) |

      Plaintiff Rebecca Wu is an individual proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On October 29, 2024, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that plaintiff's complaint be dismissed with prejudice. (Doc. No. 3 at 9.) Specifically, the magistrate judge concluded that certain of plaintiff's claims brought against defendants Twin Rivers United Educators ("TRUE") and California Teachers Association ("CTA") were barred by the *Younger* doctrine of abstention, that the remainder of plaintiff's claims were barred by the *Rooker-Feldman* doctrine, and that plaintiff has failed to state a claim against defendants—both of which are "private labor organizations, not public entities"—for violation of plaintiff's constitutional rights under § 1983. (*Id.* at 3–8.) The

1

1  findings and recommendations recommended denying leave to amend in light of plaintiff's
2  "conclusory" and "implausible" allegations and her inability to "avoid the application of *Younger*
3  abstention principles and/or the *Rooker-Feldman* doctrine." (*Id.* at 8.) The findings and
4  recommendations further noted that "[t]he gravamen of the complaint is the same as that
5  presented in plaintiff's various state court lawsuits and administrative actions" and that
6  "[a]lthough neither [defendant] is identified in the federal complaint as having been a defendant
7  or respondent in any of the state actions, it is indisputable that plaintiff raised her allegations
8  against the unions in the state proceedings." (*Id.*)

9      The pending findings and recommendations were served on the parties and contained
10  notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
11  at 9.) Plaintiff filed her objections on November 19, 2024. (Doc. No. 4.) Plaintiff's objections
12  are, in large part, difficult to understand.[1] Plaintiff's arguments in her objections do not provide a
13  basis upon which to decline to adopt the pending findings and recommendations. (*See, e.g.*, *id.* at
14  6) (appearing to argue that "the Overturned Chevron Doctrine that it is Courts to Decide on
15  Merits of a case not the Quasi Judicial Agency having Final review" implies that the *Rooker-*
16  *Feldman* doctrine does not apply here).

17      However, the court notes that the *Younger* doctrine is inapplicable where, as here, the
18  federal plaintiff is also the plaintiff in the underlying civil actions in state court. *See Herrera v.*
19  *City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019) ("*Younger* abstention generally applies
20  only where the federal plaintiffs are also defendants in the ongoing state proceeding."). "*Younger*

---

[1] For instance, in support of her second argument advanced in her objections, plaintiff states:

> The DFR on these Defendants[TRUE which is under CTA but was not named] was filed in for total loss of position in 2017 without Due Process under the Probationary rights to notice and right to vacant position if laid off in 2016v then gave right to Due process in 2017 for termination not falsely claimed generic letter as a substitute that as a sub Wu ws not needed sent days after HR chief learned Wu was whistleblowing to law enforcement for federal crimes of civil rights – right to a teacher and millions of federal dollars intentionally mismanaged

(Doc. No. 4 at 4) (alterations in original). The court has endeavored to construe plaintiff's objections as accurately as possible.

2

1  abstention is rooted in 'the basic doctrine of equity jurisprudence that courts of equity should not
2  act . . . to restrain a *criminal* prosecution[.]'" *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579,
3  588 (9th Cir. 2022) (ellipses in original) (quoting *Younger v. Harris*, 401 U.S. 37, 43 (1971)).
4  "Following a period of continuous expansion, including to some civil proceedings, the Supreme
5  Court firmly cabined the scope of the doctrine" to three categories: "1) 'ongoing state criminal
6  prosecutions'; 2) 'certain civil enforcement proceedings'; and 3) 'civil proceedings involving
7  certain orders . . . uniquely in the furtherance of the state courts' ability to perform their judicial
8  functions.'"[2] *Id.* (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)). The
9  underlying state actions brought by plaintiff do not fall within the scope of any of these three
10 categories. Consequently, the *Younger* doctrine is inapplicable.[3]

11 Nevertheless, the court concludes that plaintiff's complaint must be dismissed as a result
12 of the *Rooker-Feldman* doctrine and plaintiff's failure to state a claim for violation of § 1983.
13 "The *Rooker-Feldman* doctrine instructs that federal district courts are without jurisdiction to hear
14 direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir.
15 2012). It is difficult to decipher the exact claims that plaintiff asserts in her complaint. However,
16 the magistrate judge recommended dismissal of plaintiff's due process and duty of fair
17 representation claims to the extent those claims constitute a "de facto appeal" of a state court

---

[2] The pending findings and recommendations appeared to conclude that plaintiff's civil actions fell within the third category of cases coming within the scope of *Younger*. (*See* Doc. No. 3 at 4.) "This third category has been explained to stand 'in aid of the authority of the judicial system, so that its orders and judgments are not rendered nugatory,' and has been applied by the Supreme Court to require federal abstention in order to avoid interfering with civil contempt orders, and to avoid interfering with state requirements to post bond pending appeal." *Applied Underwriters*, 37 F.4th at 590 n.4 (internal citations omitted). Here, there is no indication that the state actions filed by plaintiff "implicate 'the regular operation of [a state court's] judicial system' with respect to 'the processes by which the State compels compliance with the judgements of its courts,'" and therefore those actions do not fall within this third category. *Id.*

[3] The court also notes that plaintiff seeks damages in her complaint, and it is unclear from plaintiff's prayer for relief whether she also seeks injunctive relief. (*See* Doc. No. 1 at 22–23.) "[W]hen a court abstains under *Younger*, claims for injunctive and declaratory relief are typically dismissed. However . . . when a district court abstains from considering a *damages* claim under *Younger*, it must *stay*—rather than dismiss—the damages action until state proceedings conclude." *Herrera*, 918 F.3d at 1042.

judgment described in plaintiff's complaint, or to the extent plaintiff's claims are "inextricably intertwined" with that state court judgment. (Doc. No. 3 at 6) (citing *Wu v. Pub. Emp. Rels. Bd.*, 87 Cal. App. 5th 715 (2022)); *see also Wu*, 87 Cal. App. 5th at 724 ("Wu has not established a property interest in her position as a substitute teacher or as a misclassified employee such that [Twin Rivers United Educators] owes her a duty of representation. . . . Accordingly, Wu cannot demonstrate she has a constitutional right to union representation . . . ."). The court adopts the recommendation that plaintiff's claims be dismissed to the extent they constitute a *de facto* appeal of, or are inextricably intertwined with, the California Court of Appeal's decision in *Wu* in violation of the *Rooker-Feldman* doctrine.[4] *See Conerly v. Yang*, No. 22-15281, 2022 WL 17223043, at *1 (9th Cir. Nov. 25, 2022) ("The district court properly dismissed Conerly's action because it is a 'forbidden de facto appeal' of a state court custody judgment and raises issues that are 'inextricably intertwined' with that judgment.").[5]

To the extent plaintiff asserts any federal claims not barred by *Rooker-Feldman*, those claims are brought pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1 at 17–22.) The pending findings and recommendations concluded that plaintiff has failed to allege that defendants engaged in action under color of law as required by § 1983. (Doc. No. 3 at 7.) Plaintiff does not address this issue in her objections. After reviewing the allegations of plaintiff's complaint, the court adopts the pending findings and recommendations in this regard as well. Accordingly, any of plaintiff's § 1983 claims not barred by *Rooker-Feldman* are dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

It is unclear from plaintiff's complaint whether she asserts any state law claims. In any event, the court declines to exercise supplemental jurisdiction over any such state law claims. *See*

---

[4] The pending findings and recommendations recommend dismissal with prejudice. (*See* Doc. No. 3 at 9.) However, as will be discussed below, the court will grant plaintiff leave to amend out of an abundance of caution. Additionally, the court notes that dismissal "for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine" requires "the dismissal of the action as being without prejudice." *Chaudhary v. Gupta*, 749 F. App'x 614, 615 (9th Cir. 2019).

[5] Citation to the unpublished Ninth Circuit opinions cited throughout this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

*Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) ("Because the district court did not err in granting summary judgment on the federal claims, it did not abuse its discretion in dismissing the state law-law claims."); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction . . . ."). These state law claims are dismissed without prejudice to them being realleged in any first amended complaint plaintiff may elect to file.

Finally, the court will grant plaintiff leave to amend her pleadings out of an abundance of caution. Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Here, plaintiff has requested leave to amend her pleadings in her objections. (Doc. No. 4 at 13–14.) Because plaintiff has not yet had any opportunity to amend her complaint, and in light of the Ninth Circuit's policy of "extreme liberality," *Rosenberg Bros.*, 283 F.3d at 406, the court will grant plaintiff leave to amend out of an abundance of caution. Because plaintiff's state law claims—if any were asserted—will be dismissed without prejudice for lack of subject matter jurisdiction, plaintiff may reassert those claims in any first amended complaint she may elect to file. If plaintiff adequately alleges claims under federal law in a first amended complaint, the court may exercise supplemental jurisdiction over plaintiff's reasserted state law claims.

However, plaintiff is cautioned that she should only amend her pleadings if she has a good faith basis for allegations that support findings that her claims are not barred by the *Rooker-Feldman* doctrine and that defendants acted under color of law as required by § 1983.

Accordingly:

1. The findings and recommendations issued on October 29, 2024 (Doc. No. 3) are adopted in part;
2. Plaintiff's complaint (Doc. No. 1) is dismissed, with leave to amend;
3. Within thirty (30) days of service of this order, plaintiff shall file either a first amended complaint or a notice of her intent not to do so; and
4. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **June 10, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE