UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA WU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TWIN RIVERS UNITED EDUCATORS and CALIFORNIA TEACHERS ASSOCIATION,<br><br>　　　　Defendants. | No. 2:24-cv-2707 DAD AC PS<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously requested leave to proceed in forma pauperis ("IFP"), and that request was granted. See 28 U.S.C. § 1915(a)(1), ECF No. 3. The initial complaint was rejected pursuant to the screening process that accompanies IFP status, described below. ECF Nos. 3, 5. The District Judge assigned to this case gave plaintiff leave to file an Amended Complaint, cautioning that "she should only amend her pleadings if she has a good faith basis for allegations that support findings that her claims are not barred by the Rooker-Feldman doctrine and that defendants acted under color of law as required by § 1983." Id. at 5.

　　　　Plaintiff filed a motion for an extension of time (ECF No. 13), a motion to merge cases (ECF No. 14), and a motion for abeyance (ECF No. 15). Plaintiff also filed a First Amended Complaint. ECF No. 16. The First Amended Complaint is now before the undersigned for screening.

1

## I.  Screening

### A.  Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Amended Complaint

The First Amended Complaint is difficult to understand, though the substance appears to be the same as that presented in the initial complaint.  Plaintiff brings suit against Twin Rivers United Educators (TRUE) and the California Teachers Association (CTA) under 42 U.S.C. § 1983, alleging constitutional violations arising from denial of her continuing membership in the union and misclassifying her status as a teacher.  ECF No. 16 at 21-22.  Plaintiff alleges that between 2007 and 2017 she worked at Keema High School, but she was let go or demoted after negotiating on behalf of herself and others and encouraging others to join the CTA.  Id. at 6.  Wu was party to a case before the Public Employee Relations Board, and a decision in that case became final on October 2, 2023.  Id. at 7.  Wu had another case before the Board in 2016.  Id. at 11.  The union(s) refused to provide representation and conspired with the school district to violate plaintiff's rights under the Constitution and state law.  Id.  Wu identifies several state court cases in which she has litigated the issues that she now brings before this court; she notes that many of those cases are still pending without final rulings but identifies at least case that is final.  Id. at 4, 20-21.

B. Analysis

This case must be dismissed because it is barred by the Rooker-Feldman doctrine. Further, the First Amended Complaint does not comply with the requirements of Fed. R. Civ. P. 8(a).

1. The *Rooker-Feldman* Doctrine Bars this Case

The Rooker-Feldman doctrine[1] prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

Here, the Amended Complaint identifies a final state court judgment, decided against the plaintiff, that presented issues based on the same set of facts set forth in the Amended Complaint. See ECF No. 16 at 20 (citing Wu v. Public Employment Relations Board, 87 Cal. App. 5th 715 (2022).[2]). As relevant here, the state appellate court held that the union had no constitutional or statutory obligation to represent Wu in her challenge to her classification as a substitute teacher, and that there had been no due process violation in the classification process. Id. Though the Amended Complaint is confusingly drafted, it is apparent that the issues decided by the state court are the same as the issues presented here. To the extent plaintiff alleges constitutional violations stemming from her misclassification and denial of union representation, her claims directly constitute a "de facto appeal" and are barred under Rooker-Feldman. Any other claims she is attempting to make based on this common core of facts are inextricably intertwined with these issues, and thus also barred. See Noel, 341 F.3d at 1158. The undersigned provided a similar explanation about the application of the Rooker-Feldman doctrine in the prior Findings

---

[2] The complaint provides the citation to the state court's published opinion. ECF No. 1 at 16. The dates of decision indicate that this may be the same case separately alleged to be final following denial of certiorari under the name "Wu v. TRUE 618E in PERB." Id. at 8.

and Recommendations, see ECF No. 3, but the Amended Complaint fails to allege facts supporting a different result. Accordingly, the court recommends dismissal without further leave to amend.

### 2. The Amended Complaint Does Not Comply with the Federal Rules

Even if the Amended Complaint were not barred by Rooker-Feldman, it would not pass screening because it does not comply with Federal Rule of Civil Procedure 8. Under Rule 8, a compliant must contain a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way). Fed. R. Civ. P. 8(a). The claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Plaintiff's 35-page Amended Complaint does not meet the pleading standard. The pleading is disjointed and very confusingly written, as was the initial complaint (ECF No. 1). For this additional reason, the Amended Complaint should be dismissed.

## II. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, the deficiencies of the complaint cannot be cured by amendment. Plaintiff has been given an opportunity to explain why the Rooker-Feldman doctrine does not apply to bar this case, or to submit claims that are not barred, and she has not done so. The gravamen of the complaint is the same as that presented in plaintiff's various state court lawsuits and administrative actions. Although neither the CTA nor TRUE is identified in the federal complaint as having been a defendant or respondent in any of the state actions, it is indisputable that plaintiff raised her allegations against the unions in the state proceedings. See Wu, 87 Cal. App. 5th 715. Accordingly, her claims are barred by Rooker-Feldman.

Further, the Amended Complaint is noncompliant with Fed. R. Civ. P. 8. Plaintiff has previously been granted leave to amend, but amendment has not resulted in claims that are more plainly stated. Based on comparison of the contents of the original complaint and the Amended

5

Complaint, the court finds that further leave to amend would be futile.

### III.  Plaintiff's Motions

Plaintiff's motion for an extension of time to file her First Amended Complaint (ECF No. 13) is GRANTED and the court has fully considered the First Amended Complaint.  Plaintiff's "motion to merge" this case (ECF No. 14) with another federal case she has filed, Wu v. Kerestenzis, 2:24-cv-3353, on the grounds that "they are similar and motion for abeyance pending state case because the SOL for two years or more will cause damage" is DENIED because it is inadequately supported and because the court does not find that relating these cases is in the interest of judicial economy.  Plaintiff's motion for an abeyance (ECF No. 15) is substantially identical to her "motion to merge" and is likewise DENIED.

### IV.  Pro Se Plaintiff's Summary

The Magistrate Judge is granting your motion for an extension of time (ECF No. 13) and has accepted your First Amended Complaint as timely filed.  The Magistrate Judge is denying your motion for abeyance and your motion to merge cases (ECF Nos. 14 and 15), because the motions do not present a clear argument, and the court finds no basis to merge this case with another case.

The Magistrate Judge is recommending that your case be dismissed because federal district courts do not have authority to overrule decisions by state courts and administrative bodies.  Further, the magistrate judge finds that the Amended Complaint does not contain a "short and plain" statement of your claims, as is required in federal courts.  You have 21 days to object to this recommendation if you wish to do so.  The District Judge will make the final decision as to whether this case is dismissed.

### V.  Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's motion for an extension of time (ECF No. 13) is GRANTED.  Plaintiff's other motions (ECF Nos. 14 and 15) are DENIED.

It is FURTHER RECOMMENDED that the Amended Complaint (ECF No. 16) be DISMISSED without leave to amend, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 12, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE